**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NELSON RAMIRO APARICIO-AMAYA, | No. 18-72581 |
| Petitioner, | Agency No. A208-138-706 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2023[**]
San Francisco, California

Before: FRIEDLAND, BADE, and KOH, Circuit Judges.

Nelson Ramiro Aparicio-Amaya, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals ("BIA") decision affirming the immigration judge's ("IJ") denial of his asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") claims.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We deny the petition for review.

Substantial evidence supports the agency's conclusion that Aparicio-Amaya, even if credible, failed to show past persecution or a well-founded fear of future persecution. *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064-65 (9th Cir. 2020) (explaining that asylum and withholding claims each require showing persecution at the hands of the government or persecution by groups that the government is unable or unwilling to control).

Substantial evidence supports the agency's determination that Aparicio-Amaya failed to show that, if he is returned to El Salvador, Salvadoran government officials will likely torture him or acquiesce in his torture. *See Salguero Sosa v. Garland*, 55 F.4th 1213, 1221-22 (9th Cir. 2022) (explaining that CAT relief requires that a noncitizen show that it is more likely than not that they will be tortured by the government or through the government's acquiescence if returned to their home country).

Precedent forecloses Aparicio-Amaya's argument that the IJ lacked jurisdiction because the notice to appear lacked the time and place of Aparicio-Amaya's removal hearing. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1190-92 (9th Cir. 2022) (en banc).

**Petition DENIED.**